**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____     Chapter ___11___

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

**If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | |
|---|---|
| 1.  **Debtor's Name** | Cypress Environmental Management, LLC |
| 2.  **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Cypress Energy Management, LLC; CEManagement, LLC |
| 3.  **Debtor's federal Employer Identification Number (EIN)** | 61-1694753 |

4.  **Debtor's address**

**Principal place of business**

5727 South Lewis Avenue
Number          Street

Suite 300

Tulsa, Oklahoma 74105
City          State          Zip Code

Tulsa
County

**Mailing address, if different from principal place of business**

Number          Street

City          State          Zip Code

**Location of principal assets, if different from principal place of business**

5.  **Debtor's website** (URL)     www.cypressenvironmental.biz

6.   **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor _____Cypress Environmental Management, LLC_____          Case number *(if known)* _____
      Name

| | |
|---|---|
| **7. Describe debtor's business** | **A.** *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

__5419__

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| | ☒ Chapter 11.  *Check all that apply:* |

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B)..

☐ The debtor is a debtor as defined in § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| | |
|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No |
| | ☐ Yes. |
| If more than 2 cases, attach a separate list. | |

District _____ When _____ Case number _____
                                      MM/DD/YYYY

District _____ When _____ Case number _____
                                      MM/DD/YYYY

Debtor     Cypress Environmental Management, LLC        Case number *(if known)* _____
         Name

| | | |
|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br><br> List all cases. If more than 1, attach a separate list. | ☐ No <br> ☒ Yes. <br><br> Debtor District <br><br> Case number, if known | See Schedule 1 _____ <br><br> Southern Texas _____ <br><br> _____ |

Relationship    Affiliate _____

When        05 / 08 / 2022
            MM / DD / YYYY

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                  Number     Street

                  City                   State    Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

              Contact name _____

              Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors[1]**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☒ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

[1]   Estimated number of creditors, assets and liabilities noted here are provided on a consolidated basis.

| Debtor | Cypress Environmental Management, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| **15. Estimated assets**[2] | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities**[3] | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☒ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    05 / 08 / 2022
              MM/ DD / YYYY

✗ /s/ *Jeffrey Herbers*           Jeffrey Herbers
Signature of authorized representative of debtor      Printed name

Title    Authorized Signatory

**18. Signature of attorney**

✗ /s/ *James Grogan*         Date    05 / 08 / 2022
Signature of attorney for debtor                   MM/DD/YYYY

James Grogan
Printed name

Paul Hastings LLP
Firm name

600            Travis Street, 58th Floor
Number         Street

Houston                        TX      77002
City                               State      ZIP Code

(713) 860-7300
Contact phone                  jamesgrogan@paulhastings.com
                                     Email address

24027354                          TX
Bar number                     State

---

[2]   Estimated number of creditors, assets and liabilities noted here are provided on a consolidated basis.

[3]   Estimated number of creditors, assets and liabilities noted here are provided on a consolidated basis.

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| Southern District of Texas |
| (State) |
| Case number *(if known)*: _____   Chapter ___11___ |

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors plan to file a motion with the Court requesting joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of Cypress Environmental Partners, L.P.

| Debtor | Employer/Corporate Identification Number | Jurisdiction |
| --- | --- | --- |
| Cypress Environmental Partners, L.P. | 61-1721523 | United States |
| Cypress Municipal Water Services, LLC | 46-1285974 | United States |
| Cypress Environmental Partners, LLC | 90-0807385 | United States |
| Cypress Brown Integrity, LLC | 27-2223455 | United States |
| Cypress Energy Partners - 1804 SWD, LLC | 45-3049110 | United States |
| Cypress Energy Partners - Bakken, LLC | 46-1259092 | United States |
| Cypress Energy Partners - Grassy Butte SWD, LLC | 45-3049047 | United States |
| Cypress Energy Partners - Green River SWD, LLC | 45-4851534 | United States |
| Cypress Energy Partners - Manning SWD, LLC | 37-1634247 | United States |
| Cypress Energy Partners - Mork SWD, LLC | 47-2460761 | United States |
| Cypress Energy Partners - Mountrail SWD, LLC | 46-1194977 | United States |
| Cypress Energy Partners - Tioga SWD, LLC | 27-4503230 | United States |
| Cypress Energy Partners - Williams SWD, LLC | 46-1183840 | United States |
| Cypress Environmental - PUC, LLC | 88-1568637 | United States |
| Cypress Environmental Management - TIR, LLC | 46-4295803 | United States |
| Cypress Environmental Management, LLC | 61-1694753 | United States |
| Cypress Environmental Services, LLC | 46-3167770 | United States |
| Tulsa Inspection Resources - PUC, LLC | 46-4402514 | United States |
| Tulsa Inspection Resources, LLC | 37-1744632 | United States |

## OMNIBUS WRITTEN CONSENT
## IN LIEU OF SPECIAL MEETING

May 4, 2022

The undersigned, being the sole member, general partner, or managing member, as applicable (each, a "Member" and collectively, the "Members") of each of the companies listed on **Schedule 1** attached hereto (each, a "Company" and collectively, the "Companies"), in lieu of holding a meeting of such Members, hereby adopt the following resolutions by written consent as of the date first written above, pursuant to the bylaws, operating agreement, limited liability company agreement, limited partnership agreement, or other operating agreement, as applicable (each, an "Operating Agreement"), of each Company and the applicable laws of the jurisdiction in which such Company is organized, which action shall have the same force and effect as if taken at a special meeting of each Company, as applicable, duly called and constituted, pursuant to the applicable Operating Agreement of each such Company and the laws of the jurisdiction in which such Company is organized.

**WHEREAS**, the respective Member of each Company has considered presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to them, and the effect of the foregoing on such Company's business;

**WHEREAS**, the respective Member of each Company has consulted with the management and the financial and legal advisors of such Company and fully considered each of the strategic alternatives available to such Company;

**WHEREAS**, after careful consideration, the respective Member of each Company has determined that it is desirable and in the best interests of such Company, its creditors, stakeholders, and other interested parties, that such Company file or cause to be filed voluntary petitions for relief (each, a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") in which the authority for each such Company to operate as a debtor-in-possession will be sought;

**WHEREAS**, after careful consideration, the respective Member of each Company has determined that it is desirable and in the best interests of such Company and its respective creditors, equity holders, and other parties in interest that such Company enter into, execute, deliver, certify, file, and/or record and perform under a debtor-in-possession financing agreement, including any initial term sheet and any other related documents, by and among the Companies and certain of the Companies' creditors;

**WHEREAS**, after careful consideration, the respective Member of each Company has determined that it is desirable and in the best interests of such Company and its respective creditors, equity holders, employees, and other parties in interest that such Company enter into, execute, deliver, certify, file and/or record and perform a restructuring support agreement ("RSA"), including an initial term sheet and any other related documents, by and among the Companies and certain of the Companies' creditors;

**WHEREAS**, the respective Member of each Company has determined that, in furtherance of the RSA and assuming execution of the RSA, it is desirable and in the best interests of such Company and its respective creditors, equity holders, employees, and other parties in interest that such Company, to execute a joint prepackaged plan of reorganization (the "Plan") in accordance with the terms of the RSA, commence solicitation ("Solicitation") of votes to obtain acceptances of such Plan, and thereafter file the Chapter 11 Cases under the Bankruptcy Code to pursue confirmation of the Plan; and

**WHEREAS**, in the judgment of the respective Member of each Company, a restructuring of such Company to be accomplished through the Plan under the Bankruptcy Code and the other transactions identified in the RSA are in the best interest of such Company and its creditors and other parties in interest.

## 1. APPROVAL OF CHAPTER 11 FILING

**NOW, THEREFORE, BE IT RESOLVED**, that each Company shall be, and hereby is, authorized and empowered to file or cause to be filed Chapter 11 Cases under the provisions of the Bankruptcy Code in the Bankruptcy Court;

**FURTHER RESOLVED**, that any terms in the Companies' Operating Agreements providing for the dissolution or winding up of a Company upon the bankruptcy or dissolution of a member of such Company are hereby waived by the Companies so that the bankruptcy or dissolution of any member of a Company, or any other event related to the commencement of the Chapter 11 Cases, shall not cause a Company to be dissolved or its affairs to be wound up, and upon the occurrence of any such event, each Company shall continue without dissolution; and

**FURTHER RESOLVED**, that Peter C. Boylan III, Jeffrey Herbers, and Richard Carson (each, an "Authorized Officer" and collectively, the "Authorized Officers"), acting alone or with one or more other directors or officers of any Company be, and hereby are, authorized and empowered to execute and file on behalf of such Company all petitions, schedules, lists, motions, papers, documents, or other filings, and to take any and all action that they deem necessary or proper to obtain such relief, including any action necessary to maintain the ordinary-course operation of the relevant Company's business.

## 2. RETENTION OF PROFESSIONALS

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Officers be, and hereby are, authorized to (a) employ the law firm of Paul Hastings LLP ("Paul Hastings") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations in the Chapter 11 Cases, including filing any pleadings, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Paul Hastings;

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized to (a) employ the firm FTI Consulting, Inc. ("FTI") as financial advisor to, among other things, assist each Company in (in each case as requested by such Company) (i) assisting with bankruptcy reporting requirements, (ii) developing financial data for evaluation by its stakeholders, creditors, or other third parties (in each case as requested by such Company), (iii) responding to issues related to such Company's financial liquidity, and (iv) assisting in the development of a plan of reorganization and disclosure statement, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of FTI;

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized to (a) employ the firm Piper Sandler & Co. ("Piper"), as investment banker to, among other things, assist each Company in (in each case as requested by such Company) (i) assisting each Company in achieving approval of its debtor-in-possession and exit financing, (ii) assisting each Company in achieving confirmation of the Plan, and (iii) providing marketing, soliciting bids, selling such Company's assets, and assisting in raising capital, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Piper.

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized to (a) employ the firm of KCC as notice and claims agent and administrative advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations in the Chapter 11 Cases, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of KCC;

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and empowered to (a) employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code, and (b) in connection therewith, to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**FURTHER RESOLVED**, that the Authorized Officers (and their designees and delegates) be, and hereby are, authorized and empowered to (a) execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, (b) in connection therewith, employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and (c) take and perform any and all further acts and deeds that the Authorized Officers deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of each such case.

3.   **RESTRUCTURING SUPPORT AGREEMENT AND SOLICITATION MATERIALS**

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Officers (and their designees and delegates) be, and hereby are, authorized and empowered in the name and on behalf of each Company, to cause such Company to enter into, execute, deliver, certify, file and/or record and perform the RSA, including an initial term sheet and any other related documents, by and among the Companies and certain of the Companies' creditors, and such other documents, agreements, instruments and certificates as may be required by the RSA, the form, terms, and provisions of which as may be determined by the respective Member of each Company;

**FURTHER RESOLVED**, the Companies are hereby authorized to execute a Plan in accordance with the terms of the RSA and commence Solicitation thereof, including the distribution of the related materials, including, but not limited to, any related disclosure statement (together with the Plan, the "Solicitation Materials");

**FURTHER RESOLVED**, that the Authorized Officers (and their designees and delegates) be, and hereby are, authorized to determine the form, terms, and provisions of the Solicitation Materials (which determination shall be conclusively evidenced by the Authorized Officers' (or their designees' or delegates') execution and delivery thereof), and that the execution and delivery of the Solicitation Materials by the Authorized Officers (or their designees or delegates) is hereby ratified, confirmed, and approved; and

**FURTHER RESOLVED,** that the Authorized Officers (and their designees and delegates) be, and hereby are, authorized and empowered, in the name and on behalf of such Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Plan, which shall, in the Authorized Officers' (or their designees' or delegates') sole judgment, be necessary, proper or advisable to perform such Company's obligations under or in connection with the RSA, the

Solicitation, and any and all transactions contemplated by the Plan and to carry out fully the intent of the foregoing resolutions.

**4.     CASH COLLATERAL AND DIP FINANCING**

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Officers (and their designees and delegates) be, and hereby are, authorized and empowered, to (a) seek approval of a debtor-in-possession financing and cash collateral order in interim and final form which may require the Company to grant liens and (b) negotiate and enter into debtor-in-possession financing, in each case subject to potential capital maintenance rules and financial assistance rules to be complied with under applicable laws;

**FURTHER RESOLVED**, that the Authorized Officers (and their designees and delegates) be, and hereby are, authorized and empowered on behalf of and in the name of each Company to secure the payment and performance of any post-petition financing by (a) pledging or granting liens and mortgages on, or security interest in, all or any portion of such Company's assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of such Company, whether now owned or hereafter acquired, and (b) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust, and other agreements as are necessary, appropriate, or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval or determination; and

**FURTHER RESOLVED**, that the Authorized Officers (and their designees and delegates) be, and hereby are, authorized and empowered on behalf of and in the name of each Company to (a) take such further actions and execute and deliver such certificates, instruments, guaranties, notices, and documents as may be required or as such officers may deem necessary, advisable, or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements, and the like, and (b) perform the obligations of such Company under the relevant companies law applicable to such Company and the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form as the officers performing or executing the same shall approve, and the performance or execution thereof by such officers shall be conclusive evidence of the approval thereof by such officers and by such Company.

**5.     GENERAL**

**NOW, THEREFORE, BE IT RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Officers, the Authorized Officers (and their designees and delegates) be, and hereby are, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in the Authorized Officers' (or their respective designees' or delegates') reasonable business judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that the respective Member of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as

may be required by the organizational documents of each Company, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that all actions taken by the Authorized Officers (and their designees and delegates) to carry out the purposes and intent of the foregoing resolutions prior to their adoption are approved, ratified, and confirmed;

**FURTHER RESOLVED**, that the Authorized Officers (and their designees and delegates) be, and hereby are, authorized and empowered to take all actions, or to not take any action in the name of each Company, with respect to the transactions contemplated by these resolutions hereunder, as the Authorized Officers shall deem necessary or desirable in the Authorized Officers' reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and

**FURTHER RESOLVED**, that this consent may be executed in as many electronic or original counterparts as may be required, and all counterparts shall collectively constitute one and the same consent.

* * * * * *

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____
Name:  Peter C. Boylan III

By: _____
Name:  Jack H. Stark

By: _____
Name:  Jason N. Wilcox

By: _____
Name:  John T. McNabb II

By: _____
Name:  Charles C. Stephenson, Jr.

By: _____
Name:  Cynthia A. Field


Being all the members of the Board of Directors of Cypress Environmental Partners GP, LLC, the General Partner of:

Cypress Environmental Partners, L.P., a limited partnership organized in Delaware

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____
Name:  Peter C. Boylan III

By: _____
Name:  Richard M. Carson

By: _____
Name:  Jeffrey A. Herbers

Being all the members of the Board of Directors of Cypress Environmental Partners, LLC, the sole member of:

Cypress Municipal Water Services, LLC, a limited liability company organized in Texas

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____

Name:  Peter C. Boylan III

By: _____

Name:  Jack H. Stark

By: _____

Name:  Jason N. Wilcox

By: _____

Name:  John T. McNabb II

By: _____

Name:  Charles C. Stephenson, Jr.

By: _____

Name:  Cynthia A. Field

Being all the members of the Board of Directors of Cypress Environmental Partners GP, LLC, the general partner of Cypress Environmental Partners, L.P., the sole member of:

Cypress Environmental Partners, LLC, a limited liability company organized in Delaware

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____
Name:  Peter C. Boylan III

By: _____
Name:  Richard M. Carson

By: _____
Name:  Jeffrey A. Herbers

Being all the members of the Board of Directors of Cypress Environmental Partners, LLC, the managing member of:

Cypress Brown Integrity, LLC, a limited liability company organized in Texas

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By:_____

Name:  Peter C. Boylan III

By:_____

Name:  Richard M. Carson

By:_____

Name:  Jeffrey A. Herbers


Being all the members of the Board of Managers of Cypress Environmental Services, LLC, the sole member of:

Cypress Energy Partners - 1804 SWD, LLC, a limited liability company organized in North Dakota

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____

Name: Peter C. Boylan III

By: _____

Name: Richard M. Carson

By: _____

Name: Jeffrey A. Herbers


Being all the members of the Board of Managers of Cypress Environmental Services, LLC, the sole member of:

Cypress Energy Partners - Bakken, LLC, a limited liability company organized in Delaware

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____

Name:  Peter C. Boylan III

By: _____

Name:  Richard M. Carson

By: _____

Name:  Jeffrey A. Herbers

Being all the members of the Board of Managers of Cypress Environmental Services, LLC, the sole member of:

Cypress Energy Partners - Grassy Butte SWD, LLC, a limited liability company organized in North Dakota

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____

Name:  Peter C. Boylan III

By: _____

Name:  Richard M. Carson

By: _____

Name:  Jeffrey A. Herbers

Being all the members of the Board of Managers of Cypress Environmental Services, LLC, the sole member of:

Cypress Energy Partners - Green River SWD, LLC, a limited liability company organized in North Dakota

*[Signature Page to Omnibus Written Consent]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By:_____

Name:  Peter C. Boylan III

By:_____

Name:  Richard M. Carson

By:_____

Name:  Jeffrey A. Herbers

Being all the members of the Board of Managers of Cypress Environmental Services, LLC, the sole member of:

Cypress Energy Partners - Manning SWD, LLC, a limited liability company organized in North Dakota

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____

Name:  Peter C. Boylan III

By: _____

Name:  Richard M. Carson

By: _____

Name:  Jeffrey A. Herbers

Being all the members of the Board of Managers of Cypress Environmental Services, LLC, the sole member of:

Cypress Energy Partners - Mork SWD, LLC, a limited liability company organized in Delaware

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____
Name:  Peter C. Boylan III

By: _____
Name:  Richard M. Carson

By: _____
Name:  Jeffrey A. Herbers

Being all the members of the Board of Managers of Cypress Environmental Services, LLC, the sole member of:

Cypress Energy Partners - Mountrail SWD, LLC, a limited liability company organized in Delaware

*[Signature Page to Omnibus Written Consent]*

DocuSign Envelope ID: 33FD1D5F-C549-466E-AAEF-8E580671DE8D

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____
Name:  Peter C. Boylan III

By: _____
Name:  Richard M. Carson

By: _____
Name:  Jeffrey A. Herbers

Being all the members of the Board of Managers of Cypress Environmental Services, LLC, the sole member of:

Cypress Energy Partners - Tioga SWD, LLC, a limited liability company organized in North Dakota

*[Signature Page to Omnibus Written Consent]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____
Name: Peter C. Boylan III

By: _____
Name: Richard M. Carson

By: _____
Name: Jeffrey A. Herbers


Being all the members of the Board of Managers of Cypress Environmental Services, LLC, the sole member of:

Cypress Energy Partners - Williams SWD, LLC, a limited liability company organized in Delaware

DocuSign Envelope ID: 33FD1D5F-C540-466E-AAEF-8E580671DE8D

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____

Name:  Peter C. Boylan III

By: _____

Name:  Richard M. Carson

By: _____

Name:  Jeffrey A. Herbers


Being all the members of the Board of Directors of Cypress Environmental Partners, LLC, the sole member of:

Cypress Environmental - PUC, LLC, a limited liability company organized in Delaware

*[Signature Page to Omnibus Written Consent]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____

Name:  Peter C. Boylan III

By: _____

Name:  Richard M. Carson

By: _____

Name:  Jeffrey A. Herbers

Being all the members of the Executive Committee of Cypress Environmental Management, LLC, the sole member of:

Cypress Environmental Management - TIR, LLC, a limited liability company organized in Delaware

*[Signature Page to Omnibus Written Consent]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____
Name:  Peter C. Boylan III

By: _____
Name:  Richard M. Carson

By: _____
Name:  Jeffrey A. Herbers

Being all the members of the Board of Directors of Cypress Environmental Partners, LLC, the sole member of:

Cypress Environmental Management, LLC, a limited liability company organized in Delaware

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____
Name:  Peter C. Boylan III

By: _____
Name:  Richard M. Carson

By: _____
Name:  Jeffrey A. Herbers


Being all the members of the Board of Managers of Cypress Energy Holdings II, LLC, the managing member of Cypress Energy GP Holdings, LLC, the sole member of:

Cypress Environmental Partners GP, LLC, a limited liability company organized in Delaware

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____
Name:  Peter C. Boylan III

By: _____
Name:  Richard M. Carson

By: _____
Name:  Jeffrey A. Herbers


Being all the members of the Board of Directors of Cypress Environmental Partners, LLC, the sole member of:

Cypress Environmental Services, LLC, a limited liability company organized in Delaware

*[Signature Page to Omnibus Written Consent]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____
Name:  Peter C. Boylan III

By: _____
Name:  Richard M. Carson

By: _____
Name:  Jeffrey A. Herbers

Being all the members of the Board of Directors of Cypress Environmental Partners, LLC, the sole member of Cypress Environmental - PUC, LLC, the sole member of:

Tulsa Inspection Resources - PUC, LLC, a limited liability company organized in Delaware

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____
Name:  Peter C. Boylan III

By: _____
Name:  Richard M. Carson

By: _____
Name:  Jeffrey A. Herbers

Being all the members of the Board of Directors of Cypress Environmental Partners, LLC, the sole member of:

Tulsa Inspection Resources, LLC, a limited liability company organized in Delaware

*[Signature Page to Omnibus Written Consent]*

| Company | Type of Organization | Jurisdiction |
|---------|---------------------|--------------|
| Cypress Environmental Partners, L.P. | Limited Partnership | Delaware |
| Cypress Municipal Water Services, LLC | Limited Liability Company | Texas |
| Cypress Environmental Partners, LLC | Limited Liability Company | Delaware |
| Cypress Brown Integrity, LLC | Limited Liability Company | Texas |
| Cypress Energy Partners - 1804 SWD, LLC | Limited Liability Company | North Dakota |
| Cypress Energy Partners - Bakken, LLC | Limited Liability Company | Delaware |
| Cypress Energy Partners - Grassy Butte SWD, LLC | Limited Liability Company | North Dakota |
| Cypress Energy Partners - Green River SWD, LLC | Limited Liability Company | North Dakota |
| Cypress Energy Partners - Manning SWD, LLC | Limited Liability Company | North Dakota |
| Cypress Energy Partners - Mork SWD, LLC | Limited Liability Company | Delaware |
| Cypress Energy Partners - Mountrail SWD, LLC | Limited Liability Company | Delaware |
| Cypress Energy Partners - Tioga SWD, LLC | Limited Liability Company | North Dakota |
| Cypress Energy Partners - Williams SWD, LLC | Limited Liability Company | Delaware |
| Cypress Environmental - PUC, LLC | Limited Liability Company | Delaware |
| Cypress Environmental Management - TIR, LLC | Limited Liability Company | Delaware |
| Cypress Environmental Management, LLC | Limited Liability Company | Delaware |
| Cypress Environmental Partners GP, LLC | Limited Liability Company | Delaware |
| Cypress Environmental Services, LLC | Limited Liability Company | Delaware |
| Tulsa Inspection Resources - PUC, LLC | Limited Liability Company | Delaware |
| Tulsa Inspection Resources, LLC | Limited Liability Company | Delaware |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENVIRONMENTAL | ) Case No. __-_____ (___) |
| MANAGEMENT, LLC, | ) |
| | ) (Joint Administration Requested) |
| Debtor. | ) |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Cypress Environmental Partners, LLC | 100% |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENVIRONMENTAL | ) Case No. __-_____ (___) |
| MANAGEMENT, LLC, | ) |
| | ) (Joint Administration Requested) |
| Debtor. | ) |
| | ) |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Cypress Environmental Management, LLC | Cypress Environmental Partners, LLC | 5727 South Lewis Avenue, Suite 300, Tulsa, Oklahoma 74105 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: CYPRESS ENVIRONMENTAL PARTNERS, L.P., *et al.*

United States Bankruptcy Court for the Southern District of Texas Case

number (if known)

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | AMERICAN ARBITRATION ASSOCIATION<br>HIRO KAWAHARA<br>13727 NOEL ROAD, STE 700<br>DALLAS, TX 75240 | HIRO KAWAHARA<br>PHONE: 972-774-6956<br>EMAIL: HIROKAWAHARA@ADR.ORG | PROFESSIONAL | CONTINGENT, DISPUTED | | | $ 158,675.00 |
| 2 | PHILIPS 66 COMPANY<br>SONYA H. BISHOP<br>3010 BRIARPARK DR.<br>HOUSTON, TX 77042 | SONYA H. BISHOP<br>PHONE: 832-765-1218<br>EMAIL: SONYA.H.BISHOP@P66.COM | INDEMNITY | DISPUTED | | | $ 73,506.66 |
| 3 | COMMISSIONERS OF THE LAND OFFICE<br>KATI HUDSON<br>WMS/MIDDLE OFFICE OPERATIONS<br>204 N. ROBINSON, SUITE 900<br>OKLAHOMA, OK 73102 | KATI HUDSON<br>PHONE: 918-313-9855<br>FAX: 405-521-4444<br>EMAIL: KHUDSON@ROBINSON-PARK.COM | TRADE | | | | $ 44,383.50 |
| 4 | DELL MARKETING L.P.<br>DANNY REEB<br>1 DELL WAY<br>ROUND ROCK, TX 78682-7000 | DANNY REEB<br>PHONE: 512-513-9022; 512-513-9971<br>FAX: 512-283-4810<br>EMAIL: DANNY.REEB@DELL.COM | TRADE | DISPUTED | | | $ 30,114.65 |
| 5 | SHI INTERNATIONAL CORP<br>KAYLA COALE<br>290 DAVIDSON AVENUE<br>SOMERSET, NJ 08873 | KAYLA COALE<br>PHONE: 281-979-4606<br>FAX: 732-764-8889<br>EMAIL: SMB_SOUTHCENTRAL@SHI.COM | TRADE | DISPUTED | | | $ 24,929.08 |
| 6 | GEOCHEMICALS, LLC<br>JAKE BOELTER<br>517 E. 30TH AVENUE, STE D<br>HUTCHINSON, KS 67502 | JAKE BOELTER<br>PHONE: 620-204-7200<br>EMAIL: JAKE.BOELTER@GEO-CHEMICALS.COM | TRADE | | | | $ 21,726.29 |
| 7 | SHALE OILFIELD SERVICES LLC<br>ROBERT AYALA<br>123 51ST ST W<br>WILLISTON, ND 58801 | ROBERT AYALA<br>PHONE: 701-572-6100<br>EMAIL: AR@SHALEOS.COM | TRADE | | | | $ 16,515.00 |
| 8 | OWL INC<br>MADDIE<br>1705 ROAD 2054<br>CULBERTSON, MT 59218 | MADDIE<br>PHONE: 406-787-5525<br>EMAIL: ACCOUNTING@OWLMT.COM | TRADE | | | | $ 9,294.35 |
| 9 | AVERY ENTERPRIZES, INC<br>PAT LARSON<br>6950 92ND AVE NW<br>POWERS LAKE, ND 58773 | PAT LARSON<br>PHONE: 701-464-0875<br>FAX: 701-464-0876<br>EMAIL: AP@AVERYENTERPRIZES.COM | TRADE | | | | $ 6,802.50 |
| 10 | ORACLE AMERICA INC<br>MONIQUE MALONEY<br>2300 ORACLE WAY<br>AUSTIN, TX 78741 | MONIQUE MALONEY<br>PHONE: 313-600-8779<br>EMAIL: MONIQUE.MALONEY@ORACLE.COM | TRADE | | | | $ 3,968.01 |
| 11 | LOGICAL CONTROL SYSTEMS, LLC<br>TODD HARRIS<br>413 5TH AVE NE<br>MINOT, ND 58703 | TODD HARRIS<br>PHONE: 701-509-2119<br>EMAIL: LOGICALCONTROLSYSTEMS@OUTLOOK.COM | TRADE | | | | $ 3,607.00 |
| 12 | KAMM SERVICE LLC<br>SIERRA NUTAMAKER<br>3220 ARROYO DRIVE<br>CASPER, WY 82604 | SIERRA NUTAMAKER<br>EMAIL: KAMMOFFICE@KAMMSERVICESLLC.COM | TRADE | | | | $ 3,560.58 |
| 13 | 8X8 INC<br>NIKI VAN BRUSSEL<br>675 CREEKSIDE WAY<br>CAMPBELL, CA 95008 | NIKI VAN BRUSSEL<br>PHONE: 855-766-5484<br>FAX: 408-980-0432<br>EMAIL: NIKI.VANBRUSSEL@8X8.COM | TRADE | | | | $ 3,278.83 |
| 14 | Q4 INC.<br>DARRELL HEAPS<br>12 E 49TH ST. SUITE 16-103<br>NEW YORK, NY 10017 | DARRELL HEAPS<br>EMAIL: MEDIA@Q4INC.COM | TRADE | | | | $ 3,000.00 |

Debtor CYPRESS ENVIRONMENTAL PARTNERS, L.P., et al.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15  FLOGISTIX KATHY WEAVER 6529 N. CLASSEN BLVD. OKLAHOMA CITY, OK 73116 | KATHY WEAVER PHONE: 405-536-0011 FAX: 888-812-4114 EMAIL: KWEAVER@FLOGISTIX.COM | TRADE | | | | $       2,404.80 |
| 16  STANLEY HARDWARE JACOB CARPENTER 205 S MAIN ST PO BOX 1262 STANLEY, ND 58784 | JACOB CARPENTER PHONE: 701-628-2252 EMAIL: STANLEYACE@PINECREEK.US | TRADE | | | | $       2,154.44 |
| 17  GREG'S WELDING, INC. LISA STEVENS 1011 EAST ENERGY STREET GILLETTE, WY 82716 | LISA STEVENS PHONE: 307-686-6624 FAX: 307-682-6363 EMAIL: LISA@GREGSWELDING.COM | TRADE | | | | $       1,992.88 |
| 18  BAKKEN DISPOSALS LLC ATTN: PRESIDENT 123 51ST ST W WILLISTON, ND 58801 | ATTN: PRESIDENT PHONE: 701-572-6100 EMAIL: AR@BAKKENDISPOSALS.COM | TRADE | | | | $       1,404.11 |
| 19  TECH SERVICE PRODUCTS LORI WEBER 5509 JENSEN ST NEW ORLEANS, LA 70123 | LORI WEBER PHONE: 504-733-4275 EMAIL: LORI@TSPNDT.COM | TRADE | | | | $       1,291.21 |
| 20  HALL ESTILL TIA JONES 320 SOUTH BOSTON #200 TULSA, OK 74103-3706 | TIA JONES PHONE: 918-594-0513 FAX: 918-594-0505 EMAIL: TJONES@HALLESTILL.COM | TRADE | CONTINGENT | | | $       1,100.80 |
| 21  JOHNSON PUMP SERVICES, INC. TOM JOHNSON 111 INDUSTRIAL AVE MOHALL, ND 58761 | TOM JOHNSON PHONE: 701-756-6976 EMAIL: JOHNSONPUMPSERVICES@GMAIL.COM | TRADE | | | | $       1,038.94 |
| 22  WILLISTON FIRE & SAFETY LLC RACHAEL MADLEY 3420 2ND AVE W WILLISTON, ND 58801-2616 | RACHAEL MADLEY PHONE: 701-572-8957 FAX: 701-572-4729 EMAIL: RMADEY@WFSAFETY.COM | TRADE | | | | $         960.15 |
| 23  VERIZON WIRELESS NANCY HILLMAN 1095 AVENUE OF THE AMERICAS NEW YORK, NY 10036 | NANCY HILLMAN PHONE: 918-504-7063 FAX: 212-571-1897 EMAIL: NANCY.HILLMAN@VERIZONWIRELESS.COM | TRADE | | | | $         851.24 |
| 24  DNOW L.P. DISTRIBUTIONNOW 7402 N. ELDRIDGE PARKWAY HOUSTON, TX 77041 | DISTRIBUTIONNOW PHONE: 701-664-2917 EMAIL: NOREPLY@DNOW.COM | TRADE | | | | $         797.61 |
| 25  LIGHTHOUSE TRADES INC ATTN: PRESIDENT 6115 HWY 8 SOUTH STANLEY, ND 58784 | ATTN: PRESIDENT PHONE: 701-629-1353 EMAIL: LIGHTHOUSETRADES@GMAIL.COM | TRADE | | | | $         570.00 |
| 26  COX COMMUNICATIONS ERIK SCOTT 6205-B PEACHTREE DUNWOODY ROAD NE ATLANTA, GA 30328 | ERIK SCOTT PHONE: 918-939-8005 FAX: 866-961-0027 EMAIL: ERIK.SCOTT@COX.COM | TRADE | | | | $         475.10 |
| 27  BPS SUPPLY GROUP DAN BYRUM 3301 ZACHARY AVENUE SHAFTER, CA 93263 | DAN BYRUM PHONE: 661-589-9141 FAX: 661-589-3739 EMAIL: AR@BPSSG.COM | TRADE | | | | $         430.06 |
| 28  ACC BUSINESS LARRY HOPKINS 400 WEST AVENUE ROCHESTER, NY 14611 | LARRY HOPKINS PHONE: 918-688-6219 FAX: 585-987-3045 EMAIL: LHOPKINS@REALCOMSOLUTIONS.COM | TRADE | | | | $         406.89 |
| 29  GUSTAFSON SEPTIC SERVICE, INC. ATTN: PRESIDENT 6746 NORTH DAKOTA 8 STANLEY, ND 58784 | ATTN: PRESIDENT PHONE: 701-628-2960 EMAIL: GSEPTICSERVICE@HOTMAIL.COM | TRADE | | | | $         400.00 |
| 30  BERGERS SANITATION SERVICE LYLE STOCKERT 936 38TH AVE E DICKINSON, ND, ND 58601 | LYLE STOCKERT PHONE: 701-483-1320 | TRADE | | | | $         390.00 |

Fill in this information to identify the case and this filing:

Debtor Name:   Cypress Environmental Management, LLC

United States Bankruptcy Court for the:                     Southern District of Texas
                                                                                    (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other documents that require a declaration   Corporate Ownership Statement, List of Equity Security Holders, and Authorizing Resolutions

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

05 / 08 / 2022                              ✗ /s/   *Jeffrey Herbers*
MM/ DD/YYYY                              Signature of individual signing on behalf of debtor

                                                    Jeffrey Herbers
                                                    Printed name

                                                    Authorized Signatory
                                                    Position or relationship to debtor

**Official Form 202**                     **Declaration Under Penalty of Perjury for Non-Individual Debtors**